

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| WILLIAM B. JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:16-2923-MGL-KDW |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND VACATING AND REMANDING DEFENDANT'S DECISION**

This is a Social Security appeal in which Plaintiff seeks judicial review of Defendant's final decision denying his claim for Disability Insurance Benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's decision be reversed and remanded for further administrative action as detailed in the Report. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 17, 2017, and Defendant filed her objections on October 31, 2017. The Court has carefully considered the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for DIB on March 26, 2014. He contends his disability commenced on February 24, 2014. Defendant denied Plaintiff's DIB application initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on April 5, 2016. On April 19, 2016, the ALJ issued a decision denying Plaintiff's claim. After the Appeals Council denied Plaintiff's request for review of the ALJ's decision, Plaintiff filed this action for judicial review on August 24, 2016.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

It is Plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ has a duty to fully develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [Defendant] if his decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

Defendant objects to the Magistrate Judge's suggestion "the ALJ failed to properly consider a partial disability rating of the [Veterans Affairs (VA)], and failed to explain his reasons for not giving it 'substantial weight,' in accordance with . . . *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337 (4th Cir. 2012)." Objections 1-2. According to Defendant, "[t]he ALJ need not have provided greater weight to a partial disability rating from the [VA], generated under different rules, given mental treatment records and lay evidence in the record that showed a lack of significant functional deficits." *Id*. at 1.

The Fourth Circuit held in *Bird* "the disability determination of a state administrative agency is entitled to consideration in an [Social Security Administration (SSA)] disability proceeding. SSA directives have explained that the SSA is required to consider all record evidence relevant to a disability determination, including decisions by other agencies. *Bird*, 699 F.3d at 343 (citation omitted). "However, under the regulations implementing the Social Security Act, although the SSA will accept another agency's disability determination as evidence of a claimant's condition, that agency's decision is not binding on the SSA." *Id*. (citation omitted). But, such a "disability determination cannot be ignored and must be considered." *Id*. (citation omitted) (internal quotation marks omitted).

More specifically, the Fourth Circuit stated: when "making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id*. Nevertheless, inasmuch as "the SSA employs its own standards for evaluating a claimant's alleged disability, and . . . the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id*.

The ALJ set forth the following statement regarding Plaintiff's VA rating:

> The undersigned has considered the [VA] rating of [Plaintiff's] service connection/rated disabilities. [Plaintiff] has a 60% disability rating from the [VA]. However, determinations of disability made by other agencies are not binding on the [SSA] or determinative of disability under Social Security Law. The laws defining "disability" for military disability and veteran's programs are based on a percentage schedule for rating disabilities. That definition is not consistent with the definition of "disability" in the Social Security Act, and the determinations of the [VA] are not binding on the undersigned in applying the law governing this claim.

A.R. 20 (citation omitted).

"[A] court may not guess at what an agency meant to say, but must instead restrict itself to what the agency actually did say." *Nken v. Holder*, 585 F.3d 818, 822 (4th Cir. 2009). Here, the ALJ neglected to explain why he failed to accord substantial weight to the VA disability rating, except to say it is not binding on the ALJ and the standards for determining disability vary among the VA and the SSA. But the ALJ's reasons apply to every case and thus cannot be relied upon to avoid the Court's scrutiny of the ALJ's consideration of the VA's disability decision under the *Bird* presumptive standard.

As observed above, the *Bird* court recognized the VA disability rating was not binding. Nevertheless, it required the ALJ to give substantial weight to the VA disability rating; except the "ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Bird*, 699 F.3d at 343.

In short, the ALJ failed to explain his VA disability rating decision, which amounts to an abuse of discretion. Because of this failure, the Court is unable to meaningfully review the ALJ's decision.

Even so, Defendant contends throughout her objections that, in effect, if the Court would weigh all the evidence for itself, it would agree with her Plaintiff is not disabled. That, however, is outside the function of the Court in a case such as this. Further, even if the Court could properly weigh the evidence, Defense counsel is disallowed to employ pro-hoc rationalization of a ALJ's decision to cure his error. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("[T]he courts may not accept . . . counsel's post hoc rationalizations for agency action. It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.").

Defendant also complains, except for testimony at the hearing, "the ALJ did not have the benefit of the VA rating or the underlying medical records." Objections 5. But, there was enough

information in the record to raise the issue and trigger the ALJ's duty to develop the record on this issue. *See* Objections 5 (stating there were "references in the record to Plaintiff's disability rating"). With that, the ALJ had "a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record, and [could not] rely on the evidence submitted by the claimant [if] that evidence [was] inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). After all, "Social Security proceedings are inquisitorial rather than adversarial[ ][and][i]t is the ALJ's duty to investigate the facts and develop arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111 (2000).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court Defendant's decision is **VACATED** and **REMANDED** for further administrative action as detailed in the Report.

**IT IS SO ORDERED**.

Signed this 9th day of November, 2017, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE